

October 1, 2020

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     United States v. Ramon Lizardi, 11-CR-1032-55 (PAE)

Dear Judge Engelmayer:

I write briefly to reply to the government's memorandum in opposition, filed yesterday, to Mr. Lizardi's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes Mr. Lizardi's release for two principal reasons. First, it contends that the COVID crisis in combination with the specific conditions of confinement and the risks of infection faced by Mr. Lizardi are not "extraordinary and compelling" so as to warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Second, the government argues that even a renewed consideration of the 18 U.S.C. § 3553(a) factors does not warrant a six-months (or so) reduction in Mr. Lizardi's sentence. The government's arguments are wrong on both counts.

The government starts by clinging to the argument that the Court is limited in its determination by the grounds for compassionate release set forth in Application Note 1(D) to USSG § 1B1.13. *See* Govt. Opp. at 2-3. But, as the Court is, of course, aware, the Second Circuit made clear last week that Guideline § 1B1.13 no longer applies to compassionate release motions brought by defendants directly, and held that districts courts could consider *any* reason to be extraordinary and compelling. *See United States v. Brooker (Zullo)*, __ F.3d __, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020) ("In other words, if a compassionate release motion is not brought by the BOP Director, Guideline § 1B1.13 does not, by its own terms, apply to it. Because Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants, Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling.").

The government goes on to defend the Bureau of Prison's handling of the COVID pandemic and assures the Court that the BOP has made "significant efforts to respond to the threat posed by COVID-19." Govt. Opp. at 4. Specifically, the government claims that as of September 30th, Fort Dix, the facility where Mr. Lizardi is incarcerated, has reported "just seven current cases of COVID-19," all recent transfers who remain in quarantine. *Id.*

That claim, however, is belied by the BOP's own reported statistics. As set forth in the memorandum in support of Mr. Lizardi's motion filed on September 25, as of that date, Fort

Dix reported that 34 inmates at Fort Dix had tested positive for the virus.  *See* Supplemental Memorandum, at 3.[1]  It is unclear from the site whether that number refers to cumulative/historic positive tests, or current tests.  However, less than a week later, on October 1st, the BOP website reports that *79 inmates* have tested positive at Fort Dix.  *See* https://www.bop.gov/coronavirus/; *see also* Exhibit J (screenshot of 10/1/20 BOP report).  In other words, 45 inmates tested positive in five days, if the BOP's statistics are to be believed.  That kind of outbreak hardly inspires confidence in the BOP's "efforts," or in the reliability of its reporting to the government.

The reality, of course, is that Fort Dix, like many other correctional settings, is a tinderbox for massive infections.  No one suggests that all inmates should be released because of the COVID pandemic.  But those, like Mr. Lizardi, who are virtually at the end of their sentences and who pose no risk to the community, can safely be released to home confinement or be subject to other conditions, offering both them and their remaining fellow inmates greater levels of protection against infection.

Finally, although the government acknowledges Mr. Lizardi's positive rehabilitation in prison, it urges the Court not to re-weigh the § 3553(a) factors in favor of a slightly lower incaceratory sentence.  But if the Court concludes that extraordinary and compelling circumstances do exist based on the pandemic and the particular conditions at Fort Dix, a consideration of the § 3553(a) factors, as they exist at the present time, is appropriate.  Indeed, not only does Mr. Lizardi deserve a slightly reduced sentence for the reasons already set forth in last week's memorandum, the extraordinarily harsh conditions of confinement that he endured during the last six months may serve as a separate basis for a reduction in sentence.  *See e.g. United States v. Aracena de Jesus,* 20-Cr-19 (PAE) (reducing sentence in part because of extraordinarily harsh conditions of confinement during the pandemic).[2]

Accordingly, for these reasons and those articulated in Mr. Lizardi's motion and supplemental memorandum, I respectfully urge the Court to grant his motion for compassionate release.

Thank you very much for your consideration.

---

[1] I do not have a screenshot of the BOP website from September 25.  However, a filing in a different case attached a screenshot of the site from September 18, which showed the same number, 34, of inmates with positive tests at Fort Dix.  *See* Exhibit I.

[2] Specifically, the Court stated: "Finally, I am mindful, as I said earlier, that you have served most of your time in prison so far during the worst pandemic in this country during the past 100 years. I'm mindful that you may have contracted COVID-19 while in prison. I'm mindful that your experience in prison as a result of the pandemic, the preceding lockdown, the ensuing lockdown, and your own illness was frightful. Prison is supposed to be punishment, but it is not supposed to be trauma of that nature or close. My colleagues and I commonly informally credit prisoners who have served time awaiting extradition in dreadful prisons overseas with more time served than measured by the calendar. The same logic applies here, and then some."  Transcript of Sentencing, 7/1/20, at 36.

Respectfully submitted,

/s/

Florian Miedel
*Attorney for Ramon Lizardi*

cc:     AUSA Marguerite Colson (ECF)
        Clerk of Court (ECF)