

December 14, 2020

Hon. Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  United States v. Ramon Lizardi, 11-CR-1032-55 (PAE)

Dear Judge Engelmayer:

In an Opinion and Order, dated October 9, 2020, the Court granted Ramon Lizardi's petition for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and released him to a half-way house located in Brooklyn ("RRC"). See Opinion, attached. By that time, Mr. Lizardi had served nearly 93 months of his 121-month sentence, and was scheduled to be released in any event on September 11, 2021. He had also been told that he would be transferred to a half-way house six months before that. Id. at 2. The Court ordered that "Lizardi spend the first six months following release in a halfway house, or, if a suitable placement cannot be made by the United States Probation Department, under strict conditions of home confinement." Id. at 9-10. I write now, with the consent of the government, to respectfully request that the Court modify its order and permit Mr. Lizardi to complete his six-month term under strict home confinement.

Pursuant to the Court's release order, Ramon Lizardi entered the Brooklyn RRC on October 16, 2020. The RRC, located on Gold Street in Brooklyn, houses over 150 residents. Mr. Lizardi relates that he shares a room with seven others in close quarters. Currently, twelve residents of the RRC have tested positive for COVID-19. They have been placed in a separate room for quarantine, but still use common areas such as bathrooms and the kitchen. According to Mr. Lizardi, masks are required in the common areas, but not in the residential quarters.

Mr. Lizardi has been very proactive in finding employment. Approximately a month ago, he was offered a job with a construction company, but the RRC rules prevented him from being able to pursue it. Specifically, the RRC will only approve travel time of 90 minutes, and the construction job was somewhat further away. Approximately one week ago, Mr. Lizardi started a new job – at a warehouse in Brooklyn – where he works full time, earning $24 per hour. Pursuant to the rules of the RRC, a pass to leave the half-way house for work must be individually approved each day. Sometimes the staff who approve passes are not readily available, and Mr. Lizardi worries that he may not receive approval in time some day and risk losing his job. Mr. Lizardi also signed up for an OSHA certification class starting next month,

and he has applied to matriculate at Bronx Community College for Spring semester. Both of these educational opportunities require the use of laptops or tablets, which the RRC prohibits.

For his term of supervised release, Mr. Lizardi has been assigned to Probation Officer Michael Nicholson. Mr. Nicholson recently (remotely) visited Mr. Lizardi's sister's apartment in the Bronx and approved it as an appropriate residence for Mr. Lizardi.[1] Officer Nicholson also confirmed that the Probation Department does not oppose a transfer for Mr. Lizardi to home confinement.

Mr. Lizardi has served approximately two of his six months at the Brooklyn RRC. At this point, his continued presence at the RRC may not necessarily serve the interests of 18 U.S.C. § 3553(a). First and foremost, the primary reason for the Court's decision to release Mr. Lizardi early from prison was the presence of COVID-19 at Ft. Dix and the risks it posed to inmates such as Mr. Lizardi. Although the RRC is not a prison, it is one building with well over 100 residents, at least a dozen of whom have tested positive for the virus. As noted, Mr. Lizardi shares a room with seven other residents. In this time of ever-increasing positive COVID rates, a facility like the Brooklyn RRC is not, relatively speaking, a safe place. Furthermore, Mr. Lizardi has taken real strides to begin his re-integration into society. He has found a good job, and is also seeking to further his education. The rules of the RRC stand as possible impediments to that progress.

Accordingly, I respectfully request that the Court order Mr. Lizardi released from the Brooklyn RRC, and allow him to complete the remaining 4 months of his detention under strict home confinement at his sister, Francheska's, home. The terms of his home confinement should allow Mr. Lizardi to leave his home for work, for education (such as college or the OSHA certification course), and for medical and legal appointments. As noted, the government does not oppose this request.

Granted. The Court directs counsel, in consultation with the Probation Department, to submit a proposed order setting out the terms of Mr. Lizardi's home confinement. This order is due Wednesday, December 16, 2020. SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
12/15/2020

Miedel & Mysliwiec • 80 Broad Street, Suite 1900 • New York, New York 10004 • (T) 212-616-3042 • (F) 800-507-8507 • www.fmamlaw.com